

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF NEW YORK

Case No.:_24-cv-6007

Theresa Krenzer

　*Plaintiff,*

-V-

Kyle Wilkins, Christopher Bonham, Van Dellon, Charles Vaas, Finger Lakes Railway, et all

*Defendants,*

---

### 42 u.s.c. § 1983 CIVIL RIGHTS COMPLAINT

1. This action seeks justice through injunction for restoration of rights & damages caused by employees of New York State Police, NYSOMH, ATF, Ontario Sheriff & DA's Offices, & Finger Lakes Railway through defendants' conspiratorial participation in the wrongful abduction & deprivation of Plaintiff's person, rights, property & livelihood, & that defendants' tortious acts resulted in intense & continuing pain & suffering, emotional distress & reduced quality of life for which compensation must be awarded. Plaintiff will provide evidence that Defendants, using the cover of the Interstate Task Force on Illegal Guns to rob a legal importer, conspired under color of state & federal law via violations under 42 U.S.C. §§ 1983 & 1985(2)(3) to damage her rights under the 1st, 2nd, 4th & 14th Amendments to the Constitution of the United States by committing tortious acts & crimes, & pursuant to 18 U.S.C. § 925A to restore rights.

   On 2/14/23, in the dismissal of malicious prosecution that destroyed her life & livelihood, NYSP Bonham & ATF Wilkins ("among others") have already been found to have violated 210.35 Sworn False Statements to the Grand Jury in the 2nd[1] under Van Dellon's direction to unlawfully indict the plaintiff.

### Jurisdiction & Venue

2. This Court has jurisdiction over Plaintiff's complaint under the Constitution, 42 U.S.C. §§ 1983 & 1985,  18 U.S.C. § 925A, & 28 U.S.C. §§ 1331 & 1346. The Court has supplemental jurisdiction over any of Plaintiff's related claims under 28 U.S.C. § 1367.

---

[1] See 2/17/23 Decision & Order **(Exhibit 1)**

3. Plaintiffs seek remedies under 18 U.S.C § 925A, 28 U.S.C. §§ 1651, 2201, 2202 & 42 U.S.C. §§ 1983, 1988. Venue is proper in this Court under 28 U.S.C. § 1391(b)(1)&(b)(2)

## Parties

4. Plaintiff Theresa Krenzer is a lifelong hunter, a Keeper of the Way of the Mandalore, & worker-owner (Secretary-Treasurer) of cooperative business Red Right Hand Rifle Syndicate LLC with ⅓ ownership.

5. Defendant Kyle Wilkins is an ATF Industry Operations Investigator who was assigned to the Plaintiff's LLC, whom in conspiracy to interfere with the plaintiff's legal interstate commerce under color of law, made known material false representations against the Plaintiff, her family & her clients to the ATF hearing, NYS Police[2] & Ontario court; Wilkins engineered the plaintiff's kidnapping by train on Holocaust Remembrance Day, participated in the armed robbery of plaintiff's home & LLC, attempted to intimidate the plaintiff & her partner on 8/18/22[3] into not seeking justice against him in this courtroom, attempted to use material false statements about plaintiff to secure an Order of Protection, & conspired with Ontario DA & NYSP to indict plaintiff but was found to have violated 210.35 Sworn False Statements to a Grand Jury in the 2nd Degree[4] to do so, & is sued in his official capacity with the United States therefore named as proper defendant to Wilkins' unlawful actions via the FTCA.

6. Defendant Christopher D Bonham (SIU), an officer of the New York State Police & main directing partner engaged in conspiracy to interfere with commerce under color of law with Wilkins to lie to procure a search warrant & affect the kidnapping, robbery & rights violations against the plaintiff beginning on & around 1/27/22. Bonham was found to have violated 210.35 Sworn False Statements to a Grand Jury in the 2nd to secure an unlawful indictment against plaintiff by Ontario County Judge Dennis on 2/14/2023, & is sued in his individual capacity.

7. Defendant ADA Peter Van Dellon, having directly participated in the conspiracy against the plaintiff's rights through malicious prosecution, knowingly induced 210.35 sworn false statements in the 2nd to a grand jury by Wilkins, Bonham, Mowers & Keefe on 8/2/22, suppressed 8/18/22 bodycam footage of ATF/NYSP John Doe intimidation of

---

[2] See Wilkin's blatantly false statements in his ATF Referral to NYS Police (Jan 25, 2022), attached as **(Exhibit 2)**
[3] See 8/18 "Warning Against Unlawful Activity" from the desk of John Devito, attached as **(Exhibit 3)**
[4] See Wilkin's blatantly false statements in Grand Jury testimony, attached as **(Exhibit 4)**

plaintiff, & baseless defamatory politically charged statements about the plaintiff to the court- collectively establishing a pattern of unethical behaviors in violation of Rule 8.4 of Professional Conduct, & is sued in his professional capacity.

8. Defendant Charles Vaas, Special Assistant at New York State Office of Mental Health, misused health records & made false material representations about the plaintiff's mental health upon Bonham's request, which Wilkins admitted was evidenceless in plaintiff's LLC's ATF hearing, engaging in deceitful misrepresentation that was prejudicial to the administration of justice in violation of Rule 8.4 of Professional Conduct, is sued in his professional capacity with OMH responsible for Vaas' misconduct.

9. Pamela Keefe, Ontario County Clerks Office, is sued in her official capacity for knowingly or wantonly making false material statements to Grand Jury & participating in the conspiracy against plaintiff & others rights (Ontario County)..

10. Defendant DA James Ritts is sued in his professional/official capacity for misconduct of allowing & advancing a malicious prosecution of the Plaintiff by his office in furtherance of the defendants' conspiracy against the plaintiff's rights & livelihood.

11. Defendants within New York State Police Troop E & SIU including Troopers Jordan Bonafede, Steven Mowers, Richard Canino, Bryan Blum, Investigator David Cerretto, Trooper Jessica A Kuzdzal, Investigator Michael S Turton, Investigator Coley S Ellison, Senior Investigator Jason D Fifield, Troop Commander Brian J. Ratajczak, Justin Prusak, Trooper Michael Manley, Ryan Bently, Bruce Drake, SA Lander & M Pietrzykowski, all who acted under color of law in the kidnapping, unlawful imprisonment, armed robbery & evidence fabrication against the plaintiff, are each sued in their individual capacities. Kuzdzal, Ellison, Fifield & Cerretto illegally manufactured an assault rifle in the shop on 1/27/22 to fabricate evidence. Mowers provided misleading testimony to the grand jury. Bonafede, Canino, Blum, Turton, Prusak, Rarajczak, Manley, Bently, Drake, Lander & Pietrzykowski kidnapped and/or robbed the plaintiff in concert, their search warrant obtained via false material representations. All NYSP defendants took part in the conspiracy against the plaintiff's rights & livelihood on 1/27/22.

12. ATF John Doe #1 & #2, as well as 8 John Doe members of the NYSP to be identified on the 8/18/2022 bodycam footage attempting violent & unlawful §1985(2) intimidation at

the behest of conspirator Kyle Wilkins are sued in their individual & official capacities. An order from this Court is necessary to divulge names.

13. Finger Lakes Railway Corporation is a Class III railroad enterprise (a foreign business corporation of the state of Delaware) that owns & operates 167 miles of track from its Geneva headquarters; Finger Lakes Railway (FGLK) is sued in its individual capacity as accomplice for providing NYSP/ATF with a train to trap & capture the plaintiff & her partner on Holocaust Remembrance Day.

## FACTS OF THE CASE

14. Theresa is a lifelong hunter, evidenced by her NYS hunting permit & safety courses.[5] She is not a felon, she has never been involuntarily committed to a mental institution, & she has never been adjudicated mentally deficient by a court or been a drug addict.

15. In 2013, Krenzer voluntarily visited St. James Hospital & was victim to NYSOMH's unconstitutional Voluntary NICS reporting policy. Krenzer did not have a pistol permit, so was never notified let alone given a hearing by the state per NYMHL § 9.27.

16. Krenzer's partner Fisher & friend Flowers launched their LLC on 1/11/21, applying for state business, FFL08 license, DBA, & NYS dealer/gunsmith permit.

17. On 8/6/21, Wilkins completed the *one* warrantless inspection allowed per year per GCA. She met Wilkins when she arrived from her job (Epic Wine) to pick up Fisher.

18. Krenzer began working at LLC in august 2021, happily reported as Secretary-Treasurer on the AECA license application on 8/20/21, & was approved by the ATF as an Arms Exports Controls Act international contractor by 9/9/21.

19. With the newfound economic freedom of being young business owners, Krenzer & Fisher had been doing research & saving for in vitro fertilization (IVF) treatments to start a family. CNY Fertility was chosen & the first appointment for treatments was scheduled 2/17/2022. The couple attended 3 appointments.

20. On 8/26/21, Krenzer attempted to purchase a lower receiver from her shop for workforce compliance training. This was Krenzer's first ever modern firearms purchase (her firearms are heirloom or blackpowder), & she was denied transfer by NICS due to NYSOMH's erroneous 2013 report. Krenzer & Fisher contacted IOI Wilkins for advice as IOI, following Wilkin's directions to fix her status in the NICS through appeal as she

---

[5] Hunting Permit & Hunter Safety Course Card, **(Exhibit 5)**

met no 922(g). Wilkins told Krenzer that as she had no FFL responsibilities (aka *transfer of firearms*) that she was perfectly fine to continue her secretarial work. Krenzer stopped hunting, target shooting & religious activity with her partner, but continued her work per Wilkin's reassurances. Krenzer attended her first international AECA business meeting with Tula via Zoom call on 10/22/21 while Fisher attended in person in Miami.

21. On 12/21/21, Wilkins & Cirencione conspired to breach fiduciary duty & not approve Fisher's paid *shall issue* permits to manufacture erroneous probable cause for a warrant.

22. 1/20/2022 Bonham requested NYSOMH Vaas to provide a letter stating Plaintiff was involuntarily committed to a hospital in 2013/14 [Exhibit 6]. This letter is a false material statement, & the records provided by Vaas merely state that Krenzer visited the hospital for Voluntary treatment (for care after a sexual assault) on those two occasions a decade ago, & not that either were involuntary commitments to a mental institution.

23. Using false material statements, Bonham acquired warrants on 1/26/22.

24. 1/27/22, defendants under color of Hochul's Interstate Task Force on Illegal Guns abducted, robbed & unlawfully imprisoned Krenzer & partner & her LCC, trashing both properties & robbing her vehicle. NYSP manufactured an assault rifle in workshop to fabricate evidence against plaintiff & LLC. Apparently no one read 265.20 before TF'ing.

25. Defendants maliciously prosecuted her on 58 assault weapons charges in bad faith.

26. Many defenant-produced docs stand as evidence of false representations, with times, date and pertinent lies therein. We've highlighted all the lies in red & will submit these "investigative" docs to discovery for full scope of Hochul's Interstate Task Force on Illegal Guns' assault of licensees. It is a 300 page book of sworn statements, false evidence & bureaucratic incompetence before any notes or the public's interjection.

27. 8/2/22 Wilkins, Bonham etc provided sworn false statements to the grand jury to indict, & Wilkins also provided false statements to ATF kangaroo revocation/fine hearing. ATF & state dropped all false mental health, illegal sales & marijuana accusations.

28. 8/16/22 Wilkins came to 424 E Main to revoke FFL, saying Krenzer was "unreported RP". This is a lie, & she never ran a background check for or transferred a firearm (the only FFL/RP duties). Wilkins lies were read aloud by Fisher & IOIs were told they would seek Article 78 & justice against him & expose his lies in court (see 2/14/22)...

29. 8/18/22, authorized by DeVito, Wilkins sent ATF/NYSP John Does to intimidate the couple into not suing for Wilkins actions, violating 1985(2) via violence & arrest threat.

30. 2/14/23 malicious prosecution was dismissed; Wilkins & Bonham found guilty 210.35.

31. 2/17/23 Judge Dennis produces Dismissal Order noting ATF/NYSP's 210.35.

32. 2/17/23 Judge Siragusa's Order says his research says we're guilty, repeating DA's flawed theory, ignoring facts, & inserting extrajudicial source & Courts biases/prejudices.

33. 10/18/23 FBI Public Corruption Unit secured release of a few items, NYSP refused most, continuing rights abuses (Vault boy Spencer & Unknown Defendant who halted return).

34. NYSOMH & Hochul's Interstate Task Force on Illegal Guns' kidnapping, robbery & malicious prosecution have effectively bankrupted Krenzer's legal LLC, putting couple in massive debt as provided by financial records, leaving her rights irreparably damaged and giving motion to the following claims for relief:

### 1ST CLAIM FOR RELIEF: FALSE ARREST/UNLAWFUL IMPRISONMENT

35. This claim is against WILKINS, VAAS, RITTS, RATAJCZAK in their official capacities, BONHAM, BENTLY, DRAKE, SA LANDER, PIETRZYKOWSKI, BLUM, BONAFEDE, MANLEY & FINGER LAKES RAILWAY CORPORATION in their direct individual capacities, & to all conspirators via *Pinkerton*, Defendants at all times relevant acting under color of state law as Hochul's Interstate Task Force on Illegal Guns.

36. On 1/27/22 the facts establish an actionable Fourth Amendment False Arrest/Unlawful Imprisonment claim, with defendants Bonham, Wilkins, Cirencione leading defendants' conspiracy to deprive plaintiff's rights by (1) Wilkins, Bonham, Bently, Drake, Lander, Pietrzykowski, Blum, Bonafede, Manley, Ratajczak & Finger Lakes Railway intending to confine plaintiff's travel via train "traffic stop" & transport her to jail on Holocaust Remembrance Day 2022 while conspirators robbed her home & business & (2) plaintiff was conscious of this traumatic confinement & every hardship & wound defendants' act has directly caused since, (3) plaintiff did not consent to restraint, armed abduction or more than 12 hours held by abductors, & (4) Probable cause is an imperative element of a legal arrest & was not established by the defendants malicious conspiracy against Krenzer & her partners & customers rights under color of law, nor could cause be found in the conduct of their business dealings nor exercise of rights of family & loose community associations.

37. Plaintiff is entitled to relief & damages, including but not limited to compensatory & punitive damages against defendants for public humiliation, loss of time & interruption of business, injury to reputation, accrued & future pain & suffering, plus any relief the Court finds just & proper.

## 2ND CLAIM FOR RELIEF: MALICIOUS PROSECUTION

38. This claim stands against BONHAM, WILKINS, KEEFE, CIRENCIONE, VAN

    DELLON, VAAS & ALL STATE DEFENDANTS, to co-conspirators under *Pinkerton &*

    *FLGK* per *United States v. Price;* Defendants at all times relevant were acting under color

    of state (and in the case of ATF defendants, federal) law.

39. As per section 1983, (1) the Defendants were involved in the False Arrest/Unlawful
    Seizure under leadership of Bonham, Wilkins, Cirencione, Van Dellon kowledgably
    initiated a prosecution against Krenzer & (2) lacked probable cause to believe it would
    succeed because of the LLC's FFL08 Import & AECA licenses granting 265 possession
    exemption, relying on (a) Wilkins, Bonham & Vaas' false material statements [Exhibits 4,
    6, & 7], (b) Wilkins, Bonham, Kuzdzal, Ellison, Fifield fabricating supposed evidence of
    criminality by illegally manufacturing an assault rifle [Exhibit 8a & 8b] at 1 East Main
    Victor NY & misrepresentation of any inventory as illegally possessed by the FFL or
    workers, (c) Bonham, Wilkins, Canino, Prusak, Turton fabricating supposed evidence of
    criminality with knowledgeable false reporting of assault weapons, "30 round
    magazines" & "marijuana" [Exhibits 9] at Krenzer's apartment continuing up to the
    2/2/24 affirmations of 22-cv-6440 defendants, all via conspiracy to deprive Krenzer &
    her partners' rights & assault their LLC & its clients, & (3) defendants acted with malice,
    pursuing the case for over a year in Ontario County court (4) until the prosecution was
    terminated in completely innocent & law abiding Krenzer's favor on 2/14/23 citing
    Bonham & Wilkins ("among others") violated 210.35 Sworn False Statements to a Grand
    Jury in the Second Degree to indict [Exhibits 1], & that there was (5) a sufficient restraint
    of constitutional liberties (1st, 2nd, 4th, 5th, 14th) post-arraignment 1/28/2022 to
    implicate Krenzer's 4th Amendment rights enough to involve FBI Public Corruption Unit
    to mediate.

40. Per *Hector v. Watt*, plaintiff's claim is actionable as she is innocent of all 58 felony

    possession crimes charged in the underlying prosecution, as well as dismissal of the

    counts targeting her in Wilkin's ATF hearing (save his coerced & improper confession

    she is an "Responsible Person" from the 1/27/22 abduction & interrogation), & it is well

    settled that a plaintiff in an action to recover damages for malicious prosecution must

    establish resolution in her favor. [Exhibit 1, 14, 15, & 16]

41. The blended discriminatory animus demonstrated by defendants (see Count ) also brings

    this malicious prosecution within the scope of § 1983 as "a malicious prosecution

    intended to deprive a person of the equal protection of the laws" as per *Usher v. City of*

    *Los Angeles*. Liability for the tort of malicious prosecution also gives rise to liability

    under 42 U.S.C. § 1983. See *Cook v. Sheldon*, 41 F.3d 73, 77-79 (1994).

42. Misreporting Krenzer, McKay & 580,000+ other Voluntary patients to the NICS had no

    medical or public safety purpose; it was a scheme to enrich NY gov while removing the

2A rights of citizens & create opportunity for future prosecution. In 2013, NYSOHM's original unconstitutional report began & fueled Hochul's Interstate Firearms Task Force's witchhunt against Krenzer & her livelihood in 22, & per *McArdle v. Tronetti*, 961 F.2d 1083,1088 (3d Cir. 1992) a claim of improper involuntary commitment against a state actor may be brought as a claim of malicious abuse of process or malicious prosecution.

43. Plaintiff is entitled to relief & damages, including but not limited to punitive & compensatory damages against defendant for Lost Opportunities, Missed Compensation, Pain & Suffering, over a decade of Constitutional abuses by NYOMH, plus an admonishment of Vaas & Van Dellon/Ritts' misconduct-prone Office, & any other relief the Court finds just & proper.

### 3RD CLAIM FOR RELIEF: SEIZURE BEYOND SCOPE OF WARRANT

44. This claim stands against BONHAM, CANINO, CERRETTO, Kuzdzal, TURTON, ELLISON, FIFIELD directly, & to all conspirators under *Pinkerton*, at all times relevant defendants were acting under color of state law, as well as WILKINS & BURKE in their official capacities (United States), at all times relevant acting under color of federal & state authority.

45. On 1/27/2022, defendants (1) seized property beyond the mandatorily "stolen," "unlawfully possessed" or "used in the commission of an offense" property so requested in the warrant including (a) Wilkins, Bonham, Turton, Cerretto, Canino seized my ring light tripod & power cord, tv tablet, laptop, phones, cbd flower ($200) from my apartment, (b) Bonham, Wilkins, Kuzdzal, Ellison & Fifield seized personal sales showcase inventory like Umarex nonlethal double-barreled T4E TS 68cal $CO_2$ marker, plus my personal 3d printer, workers tools, & the tax & business documents necessary to operate my livelihood along with the legal inventory, (c) on 1/28/22 Bonham & Kuzdzal seized our Macbook Pro & more legal LLC inventory from my seized Chevy Trax; (2) defendants discovered no fruits, instrumentalities or evidence of any crime over the course of search for legitimate scope nor in their year long investigation, & (3) no officer's safety was threatened by any of Krenzer's lawful actions as a licensed AECA wardog, nor was she in possession of illicit items, she has been proven innocent of all of defendants' baseless accusations of insanity, drug use, illegal arms sales, militia training.

46. Plaintiff is entitled to relief, including but not limited to punitive & compensatory damages, return of property, & any other relief the Court finds just & proper.

### 4TH CLAIM FOR RELIEF: BREACH OF FIDUCIARY DUTY I

47. This claim stands against VAAS & BONHAM, with NYSOMH holding liability for Vaas' fiduciary acts; Defendants at all times relevant were acting under color of state law. Courts have held nonfiduciaries criminally liable for frauds related to intangible rights

when a co-conspirator was a fiduciary. *United States v. Alexander*, (an intangible rights scheme is cognizable when at least one of the schemers has a fiduciary relationship).

48. The facts establish an actionable Breach of Fiduciary Duty claim against Charles Vaas & NYSOMH, displaying that on 1/20/22 Vaas, a NYSOMH non-doctor "Legislative Coordinator", (a) was agent acting under a power of attorney with a fiduciary relationship to the NYSOMH, which necessarily has special fiduciary duty to plaintiff & her medical welfare as a previous Voluntary patient, that (b) Vaas breached NYSOMH's fiduciary duty to plaintiff in conspiracy with Bonham by providing his False Material Representation [Exhibit 6], punishing her for voluntarily seeking NYSOMH services for a traumatic event in 2013 & (c) plaintiff's rights, health & livelihood suffered irreparable damages as a result of Vaas' malicious & wantonly reckless act, & (d) the defendant's conspiratorial breach of this fiduciary duty to further the Defendants' conspiracy directly caused plaintiff economic & emotional damages, provided as a material false representation to secure warrant to affect rights violations on 1/27/22.

49. As result of Vaas & Bonham's malicious conduct, Plaintiff has suffered specific damages, including but not limited to reputational, pain & suffering, lost wages, public humiliation having to talk about any of this let alone be maliciously prosecuted for it, & social alienation.

50. As in *McKay*, in 2013 Krenzer's Second Amendment rights were damaged indefinitely by purposeful misreporting of her Voluntary hospital visit as "involuntary Commitment to a Mental Institution" to the NICS to, unarguably, profit NY not benefit public safety.

51. The mass unconstitutional abuses inherent to NYSOMH's statistical reporting policy previously raised & ignored in *Montgomery v. Cuomo* & again in *McKay* have no better study than their weaponization against Krenzer, as she is the intersection between a mentally healthy individual who Voluntarily seeks professional aid when traumatized & a firearms industry professional who may speak on behalf of the 580,000+ similarly damaged by the state. Vaas is not a medical professional, he is not entitled to Statutory Immunity under §9.46, & Krenzer establishes facts showing (1) that NYSOMH & Vaas' False Material Representations in 2013 & 2022 violated Krenzer's statutory & constitutional rights, & (2) that Krenzer's rights were very 'clearly established' at the time of the challenged conduct (*Ashcroft v. al-Kidd*, 131 S.Ct. 2074.)

52. Plaintiff is entitled to relief including but not limited to punitive & compensatory damages, an Order to NYSOMH directing audit & restoration of firearms rights for Krenzer & her proposed Mentally Healthy Class, written apologies from NYSOHM, & any other relief the Court finds just & proper.

**5TH CLAIM FOR RELIEF: BREACH OF FIDUCIARY DUTY II**

53. This claim stands against CIRENCIONE, WILKINS, BONHAM & all co-conspirators

    under *Pinkerton*, Defendants at all times relevant acting under color of state law.

54. The facts establish an actionable Breach of Fiduciary Duty claim against Cirencione &
    Ontario County Sheriffs Office, displaying that (a) The Ontario Sheriff was acting as the
    direct fiduciary licensing agent to grant of the plaintiff's LLC's state firearms permits,
    which were only necessary to sell pistols & ny "assault" weapons in state, & (b)
    Cirencione breached this fiduciary duty to plaintiff's partner in conspiracy to deprive the
    LLC workers including the Plaintiff of rights by refusal to service shall issue permits to
    invent erroneous cause for plaintiff's abduction & robbery, (c) Krenzer's livelihood
    suffered irreparable damages as a result of defendants withholding of her partner's
    unnecessary shall-issue $35 state permits, & (d) the [sheriff's] conspiratorial breach of
    this fiduciary duty at the request of NYSP & ATF directly caused plaintiff damages as it's
    effect was held as the sole matter in her malicious prosecution.

55. Plaintiff is entitled to relief & damages, including but not limited to Order to Ontario

    Sheriff & Keefe restraining further misconduct, granting of any pending & future *shall*

    *issue* permit applications to all citizens + any relief the Court finds just & proper.

**6TH CLAIM FOR RELIEF: FRAUDULENT MISREPRESENTATION**

56. This claim stands against BONHAM, WILKINS, VAAS, CIRENCIONE, VAN

    DELLON, RITTS, THOMAS, MOWERS, KEEFE, BURKE & CURTIS, & all all

    defendants under Pinkerton (state employees) or under *United States v. Price*, etc (FLGK

    railroad), Defendants at all times relevant acting under color of state & federal law.

57. The facts serve to establish a pattern of Fraud or Fraudulent Misrepresentation under
    New York law showing (1)(a) Wilkins, Bonham, Vaas, Cirencione, Ritts, Van Dellon
    knowingly & willfully made multiple material false representations to secure a faulty
    search warrant from magistrates & fabricate evidence, joined by Mowers & Keefe to
    secure unlawful indictment from the Ontario Grand Jury, & that Ritt's office has a history
    of admonishment for prosecutorial misconduct, (b) Kuzdzal, Ellison, Cerretto, Fifield &
    Bonham are pictured illegally manufacturing an AR15 assault rifle to fabricate material
    evidence on 1/27/22 at 1 East Main; (c) Wilkins knowingly & willfully made material
    false representations to the ATF in his kangaroo "administrative hearing" & 1/25/22 ATF
    referral; (d) Van Dellon & Wilkins knowingly made material false representations to
    attempt to secure a TRO to further damage plaintiff & supress bodycam of Wilkin's
    men's 8/18/22 intimidation attempt; & (g) the 2013 material false representations made
    by OMH "statistical reporting" policy to NICS that damaged plaintiff's constitutional
    rights without due process, that (2) the defendants intended to defraud the plaintiff[s] of
    her livelihood, rights & freedom with the goal of plaintiff's enslavement under the 13th
    amendment for 5 years with farcical plea bargain offer; that (3) as a licensed FFL08
    Import & AECA dealer in its first year of business, the plaintiff's LLC reasonably relied
    upon the honest, unbiased, non-malicious representations of IOI Wilkins & Sheriff
    Cirencione, but instead they conspired to erroneously prosecute via failure of fiduciary

duty & false representations made about the plaintiff to state and/or federal bodies, & (4) the plaintiff, her partner, business, clients & the reputation of the ATF, NY law enforcement & Ontario DA Office suffered clear damage as a result of the People's reliance on Hochul's 2021 Interstate Firearms Task Force to act without malice.

58. Per *Phillips v. Woodford*, 267 F.3d 966, 984-85 (9th Cir. 2001) "It is well settled that the presentation of false evidence violates due process." "A defendant violates due process when he uses false evidence to deprive a criminal defendant of his liberty in some way." *Coleman*, 925 F.3d at 344; *Whitlock* v. *Brueggemann*, 682 F.3d 567, 580 (7th Cir. 2012).

59. "No arrest, no matter how lawful or objectively reasonable, gives an arresting officer or his fellow officers license to deliberately manufacture false evidence against an arrestee. [That] would make a mockery of the notion that Americans enjoy the protection of due process of the law & fundamental justice" (*Ricciuti v N.Y.C. Transit Authority*).

60. Plaintiff is entitled to relief in the form of compensatory damages for inconvenience, costs, loss of livelihood, reputational damages, plus punitive damages against the individual defendants whom fabricated evidence or provided False Material Representations, & Court's admonishment of the Ontario DA's office for shocking continued misconduct (*Rule 8.4: Misconduct, 3.1: Meritorious Claims, 3.3: Candor, Rule 3.8(a): Special Responsibilities of a Prosecutor*) following up its last 2017 admonishment, plus any other relief this Court finds just & proper.

**7TH CLAIM FOR RELIEF:  FABRICATION OR DELETION OF EVIDENCE**

61. This claim stands against WILKINS, CIRENCIONE, BONHAM, TURTON, CANINO, PRUSAK, CERETTO, Kuzdzal, ELLISON, FIFIELD, DEVITO, 8/18/22 ATF & NYSP JOHN DOES, VAN DELLON, & to all co-conspirators via *Pinkerton*, & Defendants at all times relevant acting under color of state & federal law.

62. It is evidenced that (1) Wilkins, Bonham & their conspirators continued their investigation of Krenzer despite the fact that they knew or should have known that Krenzer was innocent & exempt as proven 2/14/23; (2) Defendants used investigative techniques that were so coercive & abusive that they knew or should have known that those techniques would yield false information, with the NYSP & ATF abducting & interrogating Krenzer about her mental health & then immediately asking if she considered herself to be a "responsible person", which she did not know meant "FFL", with Wilkins using that coerced, confused statement to justify the revocation of the LLC's FFL08 for her being an "unreported RP" despite her not being an FFL in any capacity & (3) evidence establishes that Krenzer & others have been deeply & irreparably harmed by these actions under color of law since 1/27/22 with no cessation.

63. Bonham & Vaas produced a materially false statement [Exhibit 6, & 7] about the plaintiff. Wilkins & Bonhams fabricated baseless accusations in the ATF referral to NYSP [Exhibit 2] & Search Warrant Applications [Exhibit 10] respectively. ATF & NYSP using "mental health" as an attack vector predate the false statement produced by Vaas, & a search warrant for a licensed Importer for "possession of assault weapons" would factually not be supported by probable cause absent defendants' falsified evidence.

64. Despite ATF's June 2021 guidance to LEOs & her conversations with Wilkins about carrying CBD products, Wilkins, Burke, Bonham, Turton, Prusak & Canino fabricated "marijuana" accusations while seizing CBD flower beyond scope of warrant from plaintiff's apartment. "When a police officer creates false information likely to influence a jury's decision & forwards that information to prosecutors, he violates the accused's constitutional right to a fair trial, & the harm occasioned by such an unconscionable action is redressable in an action for damages under 42 U.S.C. § 1983." *Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 130 (2d Cir. 1997). "Marijuana" accusations were dismissed.

65. Wilkins, Bonham, Mowers & Keefe provided false testimony concerning the law, Krenzer, her LLC & coworkers' licensing to Ontario Grand Jury at Van Dellon's direction to unlawfully indict, violating 210.35. [Exhibit1,4]

66. Defendants caused Krenzer more than 2 years of irreparable constitutional harms beyond 1/27/22 false arrest including the full cessation of her 2A rights, livelihood, Tenet I religious practices, or any other livelihood indefinitely from incurred damages, & the multiple instances of fabrication of evidence to further their conspiracy were proximate causes of this deprivation of rights and her property. See, e.g., *Hoyos v. City of New York*, 650 F. App'x 801, 803 (2d Cir. 2016).

67. As already proven by the Ontario Court finding Wilkins & Bonham ("among others") guilty of 210.35 & presenting knowingly fabricated evidence/false material representations about Krenzer & her partner to the grand jury resulting in unlawful indictment, "more than a reasonable likelihood that the false evidence could have affected the judgment of the jury"exists with the Ontario Court stating [Exhibit 1] that these defendant's false statements *did* affect the grand jury.  See *Stemler v. City of Florence*, 126 F.3d 856, 872 (6th Cir. 1997).

68. Plaintiff is entitled to relief & damages, including but not limited to compensatory & punitive damages, plus an Order to ATF & NYSP to surrender 8/18/22 Bodycam & John Doe names to Discovery, & any other relief the Court finds just & proper.

### 8TH CLAIM FOR RELIEF: CONVERSION TORT

69. This claim stands against BONHAM, WILKINS, CIRENCIONE, VAN DELLON, RITTS, THOMAS, & COUNT 3 defendants, & all co-conspirators under Pinkerton (state employees) & FLGK railroad under *United States v. Price*; Defendants at all times relevant acting under color of state & federal law.

70. Facts serve to establish an actionable Conversion Tort via (1)(a) the plaintiff's clearly established interest & possessory rights to her unlawfully seized personal property in Count 3 [macbook, 3d printer, phones, etc](b) her 5th & 14th amendment livelihood-related interest held in her showcase inventory [Umarex] & LLC's possessory rights to its unlawfully seized Means & inventory plus the thousands of dollars spent by the workforce to secure business licensing from the offending agencies to affect their work & (2) defendants' dominion over the property or interference with it caused derogation of her rights & livelihood. *Truax v. Raich*, 239 U.S. 33 (1915) holds "The right to earn a livelihood & to continue employment unmolested by efforts to enforce void enactments is entitled to protection in equity in the absence of an adequate remedy at law." This fundamental right & the instrumentalities of her livelihood were seized from plaintiff & her rights irreparably harmed by the intentional acts of the defendants.

71. 10/18/23, FBI Public Corruption Unit was able to secure release of $740.68 USD 3d printer, tv, & a few other items, but the 3d printer was returned broken & is unusable. This was an article of Plaintiff & partner's Mandalorian faith meant for forging Armor.

72. Defendants' act are reminiscent of those in *United States v. Grimes* 18-CR-6101 CJS (W.D.N.Y. May. 1, 2020), conversion also achieved by Theft of Firearms from the Business of a Federal Firearms Licensee in violation of 18 U.S.C. § 922(u).

73. Plaintiff is entitled to relief & damages, including compensatory damages for loss of use & an immediate injunction directing Count 3 Defendants to replace plaintiff's broken forge (a Creality 10 S5 with CR Touch Leveling 500mmx500mm build plate) with a quality industrial 3d printer of equal or larger bed-size (19.685 cubic inches), plus punitive damages for defendants' misconduct, & the established, standard remedy of an Order from the Court that all unlawfully seized & converted property be delivered back to Krenzer, her partner, their appointed FFL representative or their clients as requested, plus any further relief the Court finds just & proper.

### 9TH CLAIM FOR RELIEF: CIVIL CONSPIRACY

74. This claim stands against, led by WILKINS & BONHAM, all Defendants, whom at all times relevant to the conspiracy were acting under color of state & federal law.

75. Establishment of the actionable Torts establishes a claim of Civil Conspiracy, demonstrating the primary torts, plus four elements of (1) agreements between two or more parties to violate plaintiff's rights via (2) overt acts under color of law in furtherance of the agreement, including (a) breach of fiduciary duty, (b) fabrication of evidence, (c) sworn false statements, (d) kidnapping & robbery (unlawful seizure of persons, property, livelihood) & (e) multiple state torts; that (3) defendants intentionally participated in furtherance of conspiracy to maliciously prosecute plaintiff; & (4) defendants' malicious actions caused the resulting injury, inconvenience, economic damage, personal suffering to plaintiff, & irreparable damage to her rights & privileges secured by the Constitution of the United States, GCA and FOPA.

76. As per *Rose v. Bartle*, Wilkins, Bonham, Van Dellon, Mowers, Keefe & conspirators procured Task Force's Grand Jury indictment of the plaintiff via fraud (210.35 Sworn False Statements), so this count is sufficient to survive dismissal on that basis alone.

77. *Hinkle v. City of Clarksburg* holds that absent an underlying constitutional violation, no §1983 liability attaches to a supervisor; ATF supervisors Curtis & DeVito took part in the conspiracy directly through Wilkin's "administrative hearing", signing off on robbery of clients, & sending a SWAT team to plaintiff's home on 8/18 in attempt to intimidate plaintiff out of pursuing her lawsuit. While Vaas took part in the conspiracy directly furnishing false statements for Bonham, NYSOMH long ago "implemented unconstitutional policies that causally resulted in the constitutional injury."

78. Within Police documents like Wilkin's referral [Exhibit 2] & Bonham's Search Warrant application [Exhibit 10], defendants state they maintained wire contact (phone & email) to plan their conspiracy with the Sheriff, Vaas, the DA's office, each other. A full record of conspiratorial wire communications should be available for discovery via Court order.

79. [Exhibit 11] (at 12:56:02; AXON BODY 3 X60A2819U, etc) is compelling evidence of conspiracy; COUNT I DEFENDANTS routinely parrot **"Member Conference?"** & then mute all bodycams to collude while searching the plaintiff, her partner & their vehicle. *Most* of the footage is suspiciously muted. NY § 234 does not appear to have provision for muting bodycam during an arrest. NYSP "BWC" Public Policy (05/18/21) states under B(2)b(2) that the "bwc" must remain active for "all searches of persons & property" & only affords officers the ability to mute their "bwc" while "disengaged" or in

court. Plaintiff raises the legal question: is defendants' widespread use of mute on an active "arrest" outside of B(2)(d)(1,2) compliant with § 234, or evident abuse of process?

80. Plaintiff & People would benefit from the Court's declaratory ruling on BWC policy, & plaintiff is entitled to relief including compensatory & punitive damages against defendants, & for more than a decade of NYSOMH's unconstitutional damage.

## 10TH CLAIM FOR RELIEF: TORT OF TRESPASS

81. This claim stands against Bonham, Wilkins, Burke, Kuzdzal, Fifield, Ellison, Turton, Prusak, Canino, at all times relevant acting under color of state law, & Wilkins & Burke again for three warrantless inspections within plaintiff's business premises in its first six months open, acting under color of federal law in violation of the GCA & FOPA to conduct warrantless investigations ("fishing exhibitions)", & the 8/18/22 ATF & NYSP John Does, acting under the color of federal law in violation of 1985(2) Intimidation.

82. On 1/27/22, to achieve the goals of damaging plaintiff's & others' civil rights & property & Interfering in Interstate Commerce, Defendants Bonham, Wilkins, Kuzdzal, Fifield, Ellison, Turton, Prusak & Canino's actions in furtherance of the conspiracy satisfy the tort of trespass with: (1) plaintiff's control of apartment & LLC premises impeded on by (2) defendant's intentional, reckless, or wanton entry onto the properties on 1/27/22 with (a) Bonham, Ellison, Fifield, Kuzdzal & Wilkins trespassing upon the shopfront at 1 East Main street & (b) Bonham, Turton, Prusak, Canino, Wilkins, Burke & others unknown trespassed upon 424 E Main street address, with (3) lack of permission for the entry to the properties & a warrant secured with false material representations; noting the (4) harm to plaintiff including theft of inventory & treasury effects of livelihood, seizure of her personal property & constitutional rights, emotional damages from continuing seizure & abuse, & (5) the defendants' misconduct was a substantial factor in causing the continuing harm to Krenzer since 1/27/22.

83. On 8/18/22, with the goal of 1985(2) Intimidation of Krenzer & Fisher on Wilkin's request, John Doe ATF #1-2 & NYSP John Doe's actions in furtherance of the conspiracy also satisfy the elements of the tort of trespass with: (1) the plaintiff's control of her apartment & LLC premises impeded on by (2) the ATF & NYSP John Does intentional, reckless, or wanton entry into the property without a warrant whatsoever on 8/18/22 at the direction of Wilkins & DeVito with no identifiable public safety goal & (3) lack of Krenzer or Fisher's permission for the entry to the property; & (4) harm to plaintiff including the emotional terror of physical assault in her home by a federal agent backed by a NYSP SWAT team & the terror knowing the state protects these criminals by Van Dellon's suppression of this bodycam footage (5) the defendants' misconduct was a substantial factor in expanding the continuing emotional harm to Krenzer since 1/27/22.

84. Defendants Wilkins & Burke, Bonham, Kuzdzal, Fifield, Ellison, Turton, Prusak, Canino & others other uncharged herein (Sgt Wagner of the JTTF, ATF agents Steve and Tim).

"knowingly or negligently executed an invalid order of seizure or similar warrant" (Korsinsky v Rose, 120 AD3d 1307, 1309 [2d Dept 2014].

85. "The State can be held liable [in trespass] for damages attending a [] search [] which is unreasonably conducted" (*Onderdonk v State of New York*, 170 Misc 2d at 162). False representations are unreasonable. "For acts in the nature of trespass or civil assault or false imprisonment such as these, the fact of such violation alone is compensable in damages" (*Pickett v. State*). Plaintiff is entitled to relief in the form of exemplary damages, injunction restraining defendants against further trespass so she can sleep without fear, & any other such relief this Court finds just & proper.

## 11TH CLAIM FOR RELIEF: 1ST AMENDMENT RETALIATION

86. This claim stands against ALL STATE DEFENDANTS directly, & FGLK as per *United States v. Price*; Defendants at all times relevant were acting under color of state & (in the case of 210.35 guilty Kyle Wilkins, federal law).

87. Krenzer provides that (1) she engaged in constitutionally protected activities of freedom of political speech & exchange of ideas, to freely practice their religion, to join the People & peaceably to assemble, to Free Association through forming a union, to the Right to Dissent & to petition the Government for a redress of grievances; that (2) the defendants' pattern of violent & unlawful actions over more than a year of Malicious Prosecution would 'chill a person of ordinary firmness' from continuing to engage in such protected activity, & have actively prevented her from attempting to continue in her protected behaviors; & (3) evidenced by materially false accusations based on perceived political affiliation, these protected activities were a substantial or motivating factor in the defendant's conduct—i.e., that there was a nexus between the defendant's actions & an intent to chill intersectionality inclined free speech.

88. Per *Butler v. City of Batavia*, Defendant's acts effectively chilled the Plaintiffs exercise of her First Amendment rights; for example Plaintiff & union have not been able to hold free educational gun safety or medical classes for the public since 2021, which ATF & NYSP posed as 'training a socialist militia' instead of basic public education with sovietpunk aesthetic. This directly implicates not only Plaintiff's First, but her community's 2nd amendment rights. The "core right to possess firearms", *Ezell I v City of Chicago* explained, "wouldn't mean much without the training & practice that make it effective." Id. at 704. *Ezell I* relied on *Heller*, which quoted an 1868 treatise on constitutional law observing that "to bear arms implies something more than the mere keeping; it implies the learning to handle & use them." (quoting Heller, 554 U.S. at 617).

89. One issue at hand is plaintiff's right to freely associate with whomever she pleases & the extent to which bigoted state defendants & their commercial conspirators may infringe upon her rights, implicit in the First Amendment to the United States Constitution, as applied to the States through the Fourteenth Amendment (*Sheldon v Tucker*, 364 U.S. 479), through prejudice & malice & wanton indifference to the law.

90. Plaintiff & coworkers were threatened that continued operation of business- "even the sale of t-shirts"- would result in recurrent arrest by defendants as the malicious prosecution proceeded. "The threat of arrest may be sufficient where the threat interferes with a First Amendment right." Id.; see also *Black Lives Matter-Stockton Chapter v. San Joaquin Cty. Sheriff's Office*, 398 F.Supp.3d 660 (E.D. Cal. July 2, 2019).

91. "A threat, with ruin behind it, may be as coercive as physical force" (*Nat. Protective Assn. v. Cumming* 170 N.Y. 315 (N.Y. 1902)).

92. Plaintiff is entitled to relief for violation of rights entitled by the US Constitution & all defendants are liable for damages under 42 U.S.C. §1983, having caused special injury.

### 12TH CLAIM FOR RELIEF: ONGOING VIOLATION OF 2A RIGHTS

93. This claim stands against NYSOMH, Count 9 Defendants, & FGLK as per *United States v. Price*; Defendants at all times relevant acting under color of state or federal law.

94. Plaintiff's 2A rights were stripped without notice or avenue for remedy in 2013 by NYSOMH and NYSP's "statistical reporting" policy after a Voluntary §9.13, with no constitutionally adequate state procedures available to remedy such special damages.

95. Krenzer, nor 580,000+ members of proposed Mentally Healthy Class, were adjudicated mentally defective or involuntarily committed to a mental institution per §922(g)(4).

96. Plaintiff was never subject of an ERPO, convicted of a felony, involuntarily committed; as per *Bruen*, there is no historical precedent for NY's removal of plaintiff's 2A rights without due process; NYSOMH's Reporting policy was inherently unconstitutional[6], & defendant's abuses have caused the plaintiff intense emotional & economic damages.

97. The Due Process Clause of the Fourteenth Amendment extends the Second Amendment's right to keep & bear arms to the states, at least for traditional, lawful purposes such as

---

[6] NY SAFE Act, MHL § 9.46: A violation of the Second Amendment & a barrier to mental health care by Sandra Richardson, RN, MS (https://www.scopeny2a.org/Briefings/12712491); *"Four months after the report, the court ruled in my favor & my pistol permit was "restored immediately."  The court's conclusion of law deemed the MLH § 9.46 report to be "arbitrary, capricious or an abuse of discretion.""*

self-defense. *McDonald v. City of Chicago*, 561 U.S. 742 (2010). Plaintiff is a skilled hunter [Exhibit 5] engaged in commerce as an AECA contractor, who wishes to engage in sporting competition, & use arms to defend her person, home & forge. These are all traditional, lawful, protected expressions of the freedoms guaranteed by the 2A.

98. *Doe v. Wolf* (16-6039 E.D. Pa. Aug. 23, 2017) held "the right to possess arms (among those not properly disqualified) is no longer something that can be withdrawn by government on a permanent & irrevocable basis without due process".

99. Plaintiff is happy to undergo a psychological evaluation to please the Court.

100.   Plaintiff offers her clean criminal record to please the Court [Exhibit 12].

101.   Plaintiff can point to multiple incidents [machete robbery] giving her special need to carry a firearm that would fulfill the old unconstitutional "proper cause" clause.

102.   As a Keeper of the Way, plaintiff's ability to carry a pistol in accordance with her religion's first Tenet is undeniably burdened by NY's unconstitutional abuse, not just in New York but now federally. Moving to a free state will not abate plaintiff's damages caused by NYSOMH unconstitutional reporting in 2013, only corrective audit.

103.   Krenzer's right to acquire firearms protected by 2A has been indefinitely restrained by NY misreporting her to NICS in 2013 so *she may never purchase a firearm anywhere*, & Krenzer understands it is also her right as a law abiding citizen & Keeper of the Way to also (a) engage in the interstate commerce of firearms with her Syndicate to secure her chosen livelihood, NYSOMH indefinitely barring her from acquiring an *FFL* or *NY Dealer, Smithing* or *Ammo retailer permits*, or other out of state firearms permits & (b) utilize her 1st Amendment to educate her community in gun safety, self defense & hunting, NYSOMH indefinitely barring her from acquiring *licensing as a duly authorized instructor*, & (c) engage in sponsored competition, by indefinitely barring her acquiring *NY semi-auto rifle permit, Possess on Premises* or *Possess/Carry During Employment handgun permit*, or (d) train & religiously carry for self defense under Tenet I, barring her from acquiring a *Concealed Carry permit*, & (e) to hunt or engage in any lawful purpose with firearms as a lawful citizen without arbitrary & malicious government interference & unlawful seizure, rights duly protected by Krenzer's 1st, 2nd, 5th/14th.

104.   Post *Heller & Bruen*, 2A is rightfully read to confer a personal right to "keep & bear arms," & NYSOMH's unconstitutional misreporting Krenzer to NICS in 2013 has

indefinitely restricted Krenzer's Second Amendment rights in every state, & the remedy of individual audit as seen in *McKay* is an unacceptable repair as Krenzer must on religious, political & commercial grounds demand to assert her right as an individual engaged in interstate arms commerce to protect her clients & the Mentally Healthy Class.

105. After *Teixeira*, Federal courts outside of the Ninth Circuit's jurisdiction are free to decide in the first instance (1) how to evaluate claims alleging interference with the Second Amendment right to acquire firearms, & (2) whether the Second Amendment protects the commercial sale of arms independently. Plaintiff raises the question: Does her status as a lawful citizen with (a) inalienable 2A rights, (b) religious rights as a Keeper of the Way, & (c) engagement in lawful interstate commerce at a licensed workers union grant the right to be free from malicious state interference, fabrication of evidence & false statements, theft & unlawful seizure of this lawful exercise?

106. The Court must consider that in 2013 NYSOMH's unconstitutional NICS reporting policy applied to Krenzer, without due process, the indefinite incorrect "involuntary commitment" status which is equivalent to a felony conviction in its effects on restriction to a person's constitutional rights. Without a trial, a hearing, or even notice provided by NY, like at least 580,000 others, Krenzer was punished as if she was a violent felon for voluntarily seeking the aid of a professional after a tragic, traumatic event. *Ingraham v. Wright* (430 US at 669 n.37.) held "some punishments, though not labelled 'criminal' by the State, may be sufficiently analogous to criminal punishments in the circumstances in which they are administered to justify application of the Eighth Amendment.'" Indefinite deprivation of 2nd Amendment rights via the NICS is- beyond "sufficiently analogous"- a direct application of the common punishment for a convicted felon, utilizing a national reporting system of the criminal law function of the federal and state governments.

107. In interpreting the Eighth Amendment, it regarded as a precept of justice that punishment for crime should be graduated & proportioned to the offense. Krenzer, nor any other Voluntary admission during the course of NYSOMH's unconstitutional NICS reporting policy, committed or were tried for a crime in the course of visiting a NY hospital; *any* punishment for seeking mental health treatment or therapy is cruel & unusual, indecent & inhumane. This is also indefinite, notice-devoid, felony-conviction equivalent punishment that, as evidenced by Krenzer's damages, will be further

weaponized as the policy of corrupt law enforcement & conspirators like Vaas within NYSOMH to acquire junk warrants, unlawfully arrest, rob, maliciously prosecute & attempt to imprison/enslave other lawful New Yorkers. The state acquired over $13M in federal funds to set up at least 580,000 citizens for future suffering via baseless, manufactured felony firearms prosecution & feed its Prison-Industrial-Complex.

108.  Per the information admitted by Dr. Marino in the *McKay* case, Krenzer & her 580,000+ member class of similarly wounded citizens have all faced these circumstances:

> Sometime before [Voluntary Plaintiff's] discharge, [the doctor] made an online report in compliance with the NY Safe Act MHL §9.46(b) that [Plaintiff] had entered the mental health unit. It was this report that triggered the Safe Act report that the State Police eventually sent to the Court & to the [proper] County Clerk [*note: in the case of McKay & other <1% of Voluntary Patients who had a pistol permit at the time only, Krenzer & the other 99% of patients not notified, and have still not been notified*].
> Dr. Marino testified that "every person that comes into the Mental Health Unit is registered, & I sign that they've come into the Hospital". He testified that the document that he checks off does not indicate whether or not the patient has been determined to have been involuntarily admitted or that she has a mental defect. Dr. Marino did not recall the exact wording of the form, but he said there was not an option on the form that he could check "whether they were involuntarily or voluntarily, or committed, or deficient, or anything else, it's just a generated - computer generated form that the patient was in, the day & time that I saw them. But it does not give me — it does not allow for anything other than that they were admitted".
> Dr, Marino testified further, "I am signing it every day, every patient that comes into the Hospital, & it's a generic form that does not call for their diagnosis, does not call for any differentiation, whether they're in Hospital voluntarily, or involuntary, just that they came into the Hospital, the date, & I signed that". [In Krenzer's case, this 2013 form described by Marino was provided by NYSOHM Vaas to NYSP along with a non-doctor letter incorrectly stating Krenzer was "involuntarily committed" as evidence to allow for her unlawful arrest & malicious prosecution].

109.  Krenzer did not know about the unconstitutional 2013 report to NICS until 2021 when she was denied on a background check for an AR lower attempting to learn more about her LLC's products (this lower was never transferred into Krenzer's possession by FFL & assistance was requested from Wilkins as to if Krenzer had to immediately quit the LLC to which Wilkins replied she could stay in her Secretary-Treasurer position as she was not an FFL, but then he concocted lies about a conservatorship & insanity & drug addiction & unreported FFL accusations to revoke license). Krenzer pursued

Wilkins directions to NICS Appeals; NICS agent mentioned directly NYSOMH reporting policy as a common cause of Constitutional damage to New York citizens & likely issue.

110.    Plaintiff (and the entire proposed Mentally Healthy Class), is entitled to compensatory damages & injunctive relief for more than a decade of constitutional rights abuses by New York, including appointment of counsel to represent the Class per N.Y. GL ch. 123, § 9 & N.Y. Jud. Law §35(1)(a), with an Order from this Court directing NYS to audit & correct OMH, SAFE & NICS records, with written personal apology to all so affected, plus any other relief as this Court finds just & proper. Anything short of representation & justice for the entire proposed Class is a travesty.

### § 925A REMEDY FOR ERRONEOUS DENIAL OF FIREARM

111.    Any person denied a firearm pursuant to subsection (t) of section 922— (1) due to the provision of erroneous information relating to the person by any State or political subdivision thereof, or by the national instant criminal background check system established under section 103 of the Brady Handgun Violence Prevention Act; or (2) who was not prohibited from receipt of a firearm pursuant to subsection (g) or (n) of section 922, may bring an action against the State or political subdivision responsible for providing the erroneous information or responsible for denying the transfer (herein NYSOMH & NYSP), or against the United States, as the case may be, for an order directing that the erroneous information be corrected, as erroneous reporting itself was a concrete, particularized injury-in-fact. In any action under this section, the court, in its discretion, may allow the prevailing party a reasonable attorney's fee as part of the costs. (Added Pub. L. 103–159, title I, §104(a), Nov. 30, 1993, 107 Stat. 1543.)

112.    Plaintiff is entitled to corrective action restoring rights, plus compensatory & punitive damages against NYSOMH for its unconstitutional reporting leading to a NICS denial, plus compensatory & punitive damages against police defendants who weaponized this erroneous report to fabricate evidence to emotionally & economically damage Krenzer, her family, LLC to deny her community 2A rights, this 925A violation & its weaponization the proximate cause of over 2 years of plaintiff's daily suffering.

113.    Plaintiff, by virtue of profession as arms dealer affected by the unconstitutional policy, is also entitled to represent the 580,000+ other citizens (each a potential customer)

currently unknowingly affected by NYSOMH's *very* profitable conspiracy against a
protected class masquerading as public safety & exposed in *McKay.*

### 13TH CLAIM FOR RELIEF: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

114.   This claim stands against ALL DEFENDANTS, & FGLK as per *United States v. Price*; Defendants at all times relevant acting under color of state & federal law.

115.   The facts serve to establish a Tort of Intentional Infliction of Emotional Distress as (1) all defendants & conspirators acted intentionally (Wilkins & ATF conspirators, Bonham & NYSP conspirators, Ritts' Office, Vaas, Finger Lakes Railway, Cirencione) within the conspiracy to abduct, rob & maliciously prosecute or recklessly & negligently (Mowers, Keefe) to maliciously prosecute; (2) the defendant's conduct- from Holocaust Remembrance Day abduction through malicious prosecution & 8/18/22 intimidation attempt, & on to the current refusal of return of property- is extreme & outrageous, bringing shame & public distrust to multiple state agencies & involving the attentions of the FBI PCU investigating "Unconstitutional Police Pattern & Practice"; & (3) the defendants' conspiratorial acts & misconduct are directly the cause (4) of plaintiff's severe emotional distress, stealing from her a livelihood & the home & IVF children the fruits of her labor were bearing, while cutting her off from enjoying the expression of all aspects of her religion, severely stunting her enjoyment of life & liberty for 750+ days.

116.   Justice Harlan recognized: "[T]he full scope of the liberty guaranteed by the Due Process Clause cannot be found in or limited by the precise terms of the specific guarantees elsewhere provided in the Constitution. This `liberty´ is not a series of isolated points pricked out in terms of the taking of property; the freedom of speech, press, & religion; the right to keep & bear arms; the freedom from unreasonable searches & seizures; & so on. It is a rational continuum which, broadly speaking, includes a freedom from all substantial arbitrary impositions & purposeless restraints, . . . & which also recognizes, what a reasonable & sensitive judgement must, that certain interests require particularly careful scrutiny of the state needs asserted to justify their abridgment." *Poe v. Ullman,* [367 U.S. 497, 543 (1961)].

117.   Emotional distress damages as an adjunct, or "parasitic," to recognized torts is allowed (see, e.g., *Garrison v Sun Print. Publ. Assn.*, 207 N.Y. 1, 8 [defamation]).

118.   Plaintiff's **Loss of Chance Tort** is linked to the infliction of emotional distress;

119.   The plaintiff did not just lose her livelihood, rights, security & comforts to defendants' unlawful acts & malicious prosecution, but ability to continue her fertility treatments to have babies. Plaintiff would have had twins in March 2023 & be onto her

second IVF pregnancy without defendants' criminal interference with her rights & livelihood. **Loss of chance doctrine tort** is established by the traditional elements of:

(1) the positive outcome of the couple's favorable IVF treatments dropping to 0% conjoined with plaintiff's emotional injury from loss of motherhood, economic hardship, pain & suffering caused by a (2) breach of a duty of care by Charles Vaas & his principal NYSOMH in conspiracy with Bonham to violate plaintiff's rights & seize her livelihood under color of law; & (3) direct causality between NYSOMH & Vaas' breach & plaintiff's personal injury, mental anguish & loss of chance to have children via IVF treatment to unlawful seizure & malicious prosecution.

120.    Post 1/27/22, grief & terror rendered the plaintiff often incapable of getting out of bed, sleeping past noon on most days, avoiding responsibilities, procrastinating, avoiding her education & syndicate work. Plaintiff experiences trauma responses (panic & severe anxiety) near railroad tracks since 1/27/22, terrified of repeat nazi-style abduction by her government, especially as since 10/14/22 this Court has made clear it doesn't care what evils its police compatriots commit as long as you don't call them criminals.

121.    Plaintiff's requested award from FLGK works to mitigate this fear over time via exposure therapy.

122.    As a result of seizure damages to her livelihood, Plaintiff cannot afford to enjoy life, to go on dates, see a movie or travel to visit family, let alone pay rent or grocery shop.

123.    Plaintiff & her partner both now experience intense insomnia, her partner staying awake on lookout while she sleeps to prevent another abduction. Plaintiffs request for Restraining Orders against Defendants & return of property would help in part to alleviate her fears of continued unconstitutional, criminally organized acts.

124.    Plaintiff has experienced profound social isolation as a result of defendants' crimes, terrified to regularly leave home after her abduction until case dismissal on 2/14/23. Plaintiff has been isolated from her friends & community, unable to host educational safety events, participate in community aid, participate in the free exercise of her religion, or in the hunting culture of her family.

125.    Since dismissal of malicious prosecution on 2/14/23, the defendants, their conspirators, & the ineffectual & corrupt government of New York have not provided plaintiff, her partner or her LLC with any sort of relief from damages, including Siragusa. Now homelessness looms, compounding the plaintiff's pain & suffering. Landlord has

indicated they are filing an eviction for plaintiff's inability to pay rent due to seizure of
livelihood & property [Exhibit ].

126.    Plaintiff is entitled to relief, including but not limited to an award of damages &
injunction from this Court ordering a public apology to Krenzer & her Syndicate
provided by "Interstate Task Force on Illegal Guns" conspirators (a) Wilkins on behalf of
the ATF, (b) Bonham on behalf of SIU, (c)Troop Commander Brian J. Ratajczak on
behalf of NYSP, (d) Van Dellon on behalf of the Ontario DA's office, (e) Vaas on behalf
of NYSOMH, (f) Cirencione on behalf of Ontario Sheriff, & Keefe on behalf of Clerks
Office, (g) FLGK president, each letter also apologizing to the Queer, Black, Jewish,
Romani & Keeper communities for engaging in nazi tactics & "just following orders".

### 14TH CLAIM FOR RELIEF: 1983(2) INTIMIDATION

127.    This claim stands against WILKINS, DEVITO, VAN DELLON, 8/18/22 ATF JOHN
DOES & 8/18/22 NYSP JOHN DOES, & to all defendants via *Pinkerton*. Defendants at
all times relevant were acting under color of state & federal law.

128.    As per 1985(2), Obstructing justice; intimidating party, witness, (a)(1) 8/18/22
defendants conspired to deter, by warrantless home entry, assault, intimidation & threat
the plaintiff & her partner from pursuing this case, its sister civil rights case, & LLC's
commercial art.78/RICO lawsuit; (a)(2) 8/18/22 defendants attempted to prevent the
plaintiff from attending such court or from testifying to any matter pending therein, freely
& fully, or to injure such party or witness in her person or property on account of her
having so attended Ontario Court & testified to the ATF hearing (inso striking down
Defendants' false accusations of mental health disability & unreported employment,
making criminal Wilkins' fear he was liable for torts enough to retaliate 8/18/22); (a)(3)
Defendants Wilkins & Bonham with the aid of Van Dellon influenced the verdict,
presentment & indictment of the Ontario Grand Jury; & (b)(1) all defendants conspired
for the purpose of impeding, obstructing, or defeating, in any manner, the due course of
justice, (b)(2) with intent to deny to plaintiff, her union partners & clients the equal
protection of the laws & (b)(3) to injure her livelihood & interstate commerce, personal
& professional reputation, emotional wellbeing & property in retaliation for lawfully
operating to the benefit of the 1A & 2A rights of underserved classes- minorities,
LGBTQ, women, the religious & leftists- promised equal protection of the laws; & (b)(4)
the plaintiff's rights & livelihood were irreparably damaged as a result of the defendants'
conspiracy.

129.    On 8/16/22, Wilkins hand delivered a revocation with the basis that Krenzer was
"non-reported" & was told, per the paper he provided, that he would be taken to federal
court to contest his false statements [22-CV-6440, 10/14/22]; after couple promised to
expose Wilkin's lies to the courts, he ran crying to DeVito & sent SWAT team on 8/18/22.

130.    Van Dellon's suppression of 8/18/22 bodycam footage at Wilkin's behest stated that the bodycam was in regards to a "separate federal matter" (ATF Kangaroo), directly related to the initial filing of 22-CV-6440 for an Article 78 de novo, to which plaintiff is witness & victim, implicating Van Dellon in the 1985(2) by his outrageous accusations of Krenzer being a dangerous "sovereign citizen" & having made Wilkins "fear for his life" (false material statements that Ontario Court rejected immediately) to attempt to remove her from court & intimidate her.

131.    The standard of outrageous conduct is "strict," "rigorous" & "difficult to satisfy". However, that is not the case when there is a "deliberate & malicious campaign of harassment or intimidation" (*Nader v. General Motors Corp.*, 25 N.Y.2d 560, 569, 307 N.Y.S.2d 647, 255 N.E.2d 765 [1970] ; see also 164 *Mulberry St. Corp. v. Columbia Univ.*, 4 A.D.3d 49, 771 N.Y.S.2d 16 [1st Dept. 2004].

132.    Plaintiff is entitled to damages & injunctive relief, including but not limited to compensatory & punitive damages, an Order restraining defendants from further unlawful acts against Krenzer, & any other relief this Court finds just & proper.

**15TH CLAIM FOR RELIEF: 1985(3) DEPRIVATION OF RIGHTS**

133.    This claim stands against NYSOMH & ALL DEFENDANTS, & FGLK as per *United States v. Price*, with Defendants at all times relevant acting under color of state and/or federal law. All previous statements and claims are incorporated within.

134.    With the success of defendants' conspiracy on 2/17/22 & defendant's tortious acts since, the facts establish an actionable **1985(3) Depriving persons of rights or privileges** claim, establishing that (1) the defendants engaged in conspiracy to deprive the plaintiff, her partner & her clients of the equal protection of the laws;  (2) each defendant engaged in at least one act in furtherance of the conspiracy, while others like Bonham or Wilkins engaged in many acts of misconduct, misrepresentations & conspiratorial communications;  & (3) the plaintiff's rights & livelihood were irreparably damaged by the conspiracy.

135.    As construed to protect Fourteenth Amendment rights § 241 (and one would hope its civil analog 1985) is not unconstitutionally vague, since, by virtue of its being a conspiracy statute it operates only against an offender acting with specific intent to infringe the right in question (*Screws v. United States*, 325 U. S. 91). The rights in question, both by NYSOMH in 2013 & again by conspiratorial defendants 1/27/22-today, are the 2nd, 5th, 8th, & 14th, plus Krenzer's 1st & 4th.

136.    A combination of invidiously discriminatory animus arises from the Discovery submitted by defendants in the malicious prosecution & the act of FLGK train capture: anti-black, antisemitic & antiziganic, alienage (with a national origin based hate crime), red scare mccarthyist Political discrimination, religious, homophobic, & perceived Disability-Based [Exhibits 2, 4, 14, 16, 22-31].

137.    Defendants targeted Plaintiff's 1st, 2nd, 4th & 14th amendments to attack her livelihood & assets, & by extension of targeting a licensed gunshop dedicated to serving the underserved classes, targeted the 2nd amendment rights of LLC's clients & these protected classes at large.

138.    Krenzer & her partners' exercise of lawful, protected activities under the 1st & 2nd amendment were feared by bigoted defendants & held as "probable cause" was the Plaintiff & the intersectional communities she served having & *peacefully exercising equal rights*, same as *Dred Scott;* "recognised as citizens…, the right to… singly or in companies, without pass or passport, & without obstruction… to go where they pleased at every hour of the day or night without molestation, unless they committed some violation of law for which a white man would be punished; …the full liberty of speech in public & in private upon all subjects upon which its own citizens might speak; to hold public meetings upon political affairs, & to keep & carry arms wherever they went… & all of this would be done in the face of the subject race of the same color, both free & slaves, & inevitably producing discontent & insubordination among them, & endangering the peace & safety of the State."

139.    The Plaintiff's Holocaust Remembrance Day abduction with borrowed FLGK train cannot be discounted as coincidence under the totality of circumstances & malice already being evidenced by Wilkins & Bonham's 210.35 Sworn False Statements. Cases like *N.Y. State Corr. Officers & Police Benevolent Ass'n v. New York* 94 N.Y.2d 321 (N.Y. 1999), *Weicherding v. Riegel* 160 F.3d 1139 (7th Cir. 1998), & *Lawrenz v. James* 852 F. Supp. 986 (M.D. Fla. 1994) show the ideological importance of racist actions & hate crimes on memorial dates to white supremacist types.

140.    In *DeShaney vs. Winnebago & Town of Castle Rock vs. Gonzales*, the supreme court has ruled that police agencies are not obligated to provide protection of citizens. Therefore, Plaintiff offers two logical propositions: (a) she & her workers union are not

obligated to serve the police as a part of "the People" & (b) her LLC offers clients more reliable protection than a clearly bigoted police force ever could. Defendants' conspiracy was an assault on the 2A rights of thousands across America, evidenced by various class-based animus with one common denominator: groups hated by white supremacists.

141.    Plaintiff is entitled to relief from ongoing civil rights violations including but not limited to injunction from this court restraining defendants from damaging plaintiff & her aggrieved clients, an Order appointing Representation of Counsel & certifying plaintiff's class action, & any other relief this Court finds just & proper.

## 16TH CLAIM FOR RELIEF: FTCA

142.    This claim stands against the United States for WILKINS, ATF JOHN DOE #1&2, BURKE, DEVITO's wanton acts, defendants at all times relevant acting under color of federal law or using their authority to induce others to act under color of state law to commit conspiratorial acts.

143.    Pursuant to FRCP 6(b)(1)(A), Plaintiff requests preliminary Motion for Continuance to 6/28/24, as ATF's administrative remedy window closes 6/27/24, & in the interest of providing timely justice via summary judgement, while meeting deadlines & eliminating secondary caseload of identical evidence.

144.    Sixth Circuit Court of Appeals *Mynatt v. United States* (F.4th 2022WL3335690; 8/12/22), holds that intentionally placing false evidence before a prosecutor or a court is not a protected discretionary act. Wilkins has presented false evidence about the plaintiff on multiple occasions to both Wayne and Ontario Courts & the ATF's revocation or civil fine hearing (which was the equivalent of a trial) establishing a pattern of constitutional abuses, dishonesty & misconduct resulting in irreparable damages to plaintiff & her livelihood protected by the 5th & 14th. Bonham provided the same to state courts.

145.    On 8/18/23, the unlawful SWAT team intimidation attempt against the plaintiff by ATF John Doe #1&#2 & NYSP John Does on Wilkins' behalf - seeking to terrorize her & her partner into not pursuing these charges against him- was certainly not a protected "discretionary act".

146.    Wilkin's having Van Dellon frame the plaintiff as a "sovereign citizen" & say she made Wilkins "fear for his life" trying to maliciously get an Order of Protection against her was certainly not a protected "discretionary act", & despite the judge dismissing it,

the claim was made on record & should be entered into Discovery. According to LLC's collective defense counsels, this tactic was to keep plaintiff & partner out of the courtroom & deny their 6th Amendment. Van Dellon knowingly presenting these false representations to Court, misconduct in the same vein but even more deeply unethical than that which DA Ritts' Office was admonished for in 2017.[7]

147.    On 12/27/23, SF-95 Form & associated documents presented by plaintiff's LLC to both ATF internal affairs & NY industry operations by the LLC's appropriate point of contact, covering the stolen property & worker's damages, including plaintiff's pain & suffering in excess of $5,000,000.00. ATF has so far ignored or denied every other request for justice, mitigation & restoration made by the workers union, & after Wilkins was found guilty of 210.35 ATF has cut communications completely, so workers do not expect to receive a response by 6/27/24 & justice will be ripe 6/28/24.

148.    Pursuant to FRCP 6(b)(1)(A), Plaintiff requests a preliminary Motion for Continuance to 6/28/24 for the select FTCA element of this multi tort suit to eliminate the need for a tandem docket filing concerning the same material facts of conspiracy to eliminate stresses on this court. Plaintiff's constitutional rights, emotional wellbeing & her livelihood will have suffered from Wilkins' malicious acts of misconduct for 883 days without remedy on 6/28/24. One day was too many.

149.    Plaintiff is entitled to relief from via the FTCA including but not limited to compensatory & punitive damages in the amount of $5,000,000.00, plus injunction from this court restraining ATF from damaging plaintiff henceforth, & any other relief this Court finds just & proper.

### PRAYER FOR RELIEF

150.    Plaintiff prays for judgment to repair the aforementioned abuses as follows:

151.    Award Plaintiff such preliminary injunctive & ancillary relief as may be necessary to avert the likelihood of plaintiff's further injury during the pendency of this action, not limited to temporary & preliminary injunctions hastening immediate restoration of Plaintiff's rights, property & livelihood to preserve possibility of effective final relief, including an Order for the Restoration of Firearms Rights, providing remedy for NYSOMH's 2013-2024 Violation of Plaintiff's Constitutional Rights.

---

[7] Daily Messenger 11/14/17, *Court: Ritts guilty of misconduct "Former political opponent responds to Ontario County DA-elect being cited with prosecutorial misconduct"* https://www.mpnnow.com/story/news/politics/county/2017/11/14/court-ritts-guilty-misconduct/17044738007/

152.    FURTHERMORE, pursuant to 28 U.S.C. § 2202 & Fed. R. Civ. P. 65, it is appropriate & hereby requested that the Court issue a permanent injunction & prohibiting Defendants from continuing to damage the Plaintiff or any other citizen in such a manner henceforth. Absent injunctive relief by this Court, Defendants will continue to injure plaintiff, her partners, LLC & clients, plus the greater proposed Mentally Healthy Class as described in Krenzer's Motion for Class certification, with the defendants continuing to reap unjust employ, bonuses, promotion, political affluence & enrichment under color of law while harming the public interest & destroying lives & public faith in government.

153.    FURTHERMORE, in part to make whole, a compensatory award for lost wages, inconvenience & personal economic damages at $1,312.00 per diem from 1/27/22 to date of payment.

154.    FURTHERMORE, in part to make whole, an award for general damages from defendants acting under color of state law for intense & continuing pain & suffering, mental anguish, emotional distress, reduced quality of life, loss of chance & access to medical treatment, & other damages to the plaintiff in excess of $5,000,000.00.

155.    FURTHERMORE, in part to make plaintiff whole, a compensatory FTCA award against the United States for continuing pain & suffering caused by ATF defendants' unconstitutional actions & abuses in excess of $5,000,000.00.

156.    FURTHERMORE, in part to make plaintiff whole & in part to restore public trust in the government, an injunction from this court barring Finger Lakes Railway & its management or employees from further aiding & abetting police in kidnapping citizens under color of law like Nazis under any circumstances, & an award of compensatory & punitive damages for the company's role in plaintiff's unlawful abduction & infliction of pain & suffering in excess of $5,000,000.00. Plaintiff is agreeable to an alternative mediation of ⅓ of this award in addition to (a) one luxury passenger car & (b) one freight car with (c) waived fees & tariffs for 20 years to help her overcome the anxious terror now instilled by trains via pleasant exposure therapy and boost her small business through guerilla advertising, plus the (d) termination of management who conspired with defendants (Spina said she was the police liaison, put us on hold, then told us she actually couldn't answer "to avoid incriminating 'the individual'"), & (e) a 5% ownership stake of FGLK with a Public Oversight board position at the salary of the terminated manager.

157.    FURTHERMORE, in part to make whole, an order from this court to the ATF, NYSP, NYSOMH, MCAC, FLGK, Ontario DA & Ontario Sheriff to publicly publish formal apologies to plaintiff & her LLC & its wronged clients in the legal section of the largest local Newspaper & online, restoring her good name, dignity & reputation.

158.    FURTHERMORE, in part to make whole, an award for all costs & reasonable attorneys' fees in this case as pursuant to § 925A & 42 U.S.C. §§ 1983 & 1988.

159.    FURTHERMORE, Plaintiff reserves the right to submit additional charges and motions restricted by the 30 page limit of this short complaint.

**WHEREFORE**, for the reasons stated above, Plaintiff respectfully requests that the Court grant the relief set forth herein, together with such other & further relief which as to the Court may seem just & proper.

DATED: 2/21/2024

Respectfully Submitted,

Theresa A Krezer    2/22/2024

*Pro Se*

Telephone: 680-766-0320

TO: Honorable Judge _____

US District Court

Western District of New York

STATE OF NEW YORK ⎱ ss.:
COUNTY OF ONTARIO ⎰
On this 22nd day of February, 2024 before me, the subscriber, personally appeared Theresa A. Krenzer to me personally known and known to me to be the same person described in and who executed the within instrument and She acknowledged to me that She executed the instrument.

Angela N. Bonacchi
Notary Public

ANGELA N. BONACCHI
Notary Public, State of New York
No. 01BO6210665
Qualified in Ontario County
Commission Expires August 24th, 2025