UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

THERESA ANN KRENZER,

                                                                         Plaintiff,       DECISION AND ORDER

-vs-                                                                           24-CV-6007 CJS

KYLE WILKINS, FINGER LAKES
RAILWAY CORPORATION,
CHARLES VAAS, RICHARD
CANINO, INVESTIGATOR
CHRISTOPHER BONHAM,
ADA PETER VAN DELLON ,

                                                                         Defendants.

_____

## INTRODUCTION

This is an action purporting to state a variety of federal and state claims. On January 23, 2024, the Court issued a Decision and Order (ECF No. 6) denying the *pro se* Plaintiff's request to proceed *in forma pauperis* and directing that the action would be dismissed unless within thirty (30) days she paid the filing fee and filed "a new complaint that complies with Rules 8 and 11 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") and the Court's instructions."  More than thirty days have now passed, and Plaintiff has not paid the filing fee, though she has filed a new financial affidavit and an amended pleading.  For the reasons discussed below, the Court will grant Plaintiff an additional thirty days in which to pay the filing fee, otherwise the action will be dismissed.

## BACKGROUND

The reader is presumed to be familiar with the Court's prior Decision and

1

Order, ECF No. 6.  Briefly, the Court denied Plaintiff's application to proceed *in forma pauperis* after finding that her financial affidavit was not credible and that it appeared she was receiving financial support from other sources.

The Court also found that Plaintiff's Complaint failed to comply with Rule 11, since it was not signed, and that it also violated Rule 8, since it was not a short and plain statement of Plaintiff's claim and did not clearly indicate who was being sued.

Consequently, the Court directed Plaintiff to file a new pleading, stating, in pertinent part:

> <u>Krenzer is directed to draft a Complaint that complies with Rule 8. The pleading shall be a single document that shall not exceed thirty (30) pages in length</u>, which should be more than sufficient after omitting all legal argument and extraneous discussion.  The Complaint is not the place for Plaintiff to attempt to prove her claims, to submit evidence, or to make dramatic pronouncements, but, rather, it is merely to give the defendants *notice* of what her legal claims are.[1]  For each specific claim, the complaint shall clearly indicate what the claim is, who is being sued under that claim, and why, which should not take more than a few sentences per defendant.  Further, it is not sufficient to merely lump defendants together; rather, Plaintiff must briefly and plausibly explain how each individual named defendant was involved in a particular claim. Plaintiff is advised that her failure to comply with the Court's instructions on these points may result in the dismissal of this action.  Also, Plaintiff is advised that an amended complaint *completely replaces* the prior pleading[.]

---

[1] "[P]leadings need only give the defendant fair notice of what the claim is and the grounds upon which it rests, and a court has the power to dismiss a complaint that is prolix or has a surfeit of detail." *Shomo v. State of New York*, 374 F. App'x 180, 182 (2d Cir. 2010) (citations and internal quotation marks omitted).

ECF No. 6 at pp. 10-11 (emphasis added).  Notably, the Court imposed a page limit on Krenzer, since she and her domestic partner, Keenan Fisher ("Fisher"), had previously filed very long, rambling pleadings that were then supplemented, sometimes multiple times, by additional submissions of exhibits and commentary.

The Court mailed the Decision and Order to Krenzer on January 23, 2024, and there is a presumption that documents mailed by the Court are received three days thereafter. *See, e.g., Ocasio v. Fashion Inst. of Tech.*, 9 F. App'x 66, 68 (2d Cir. 2001) (Applying "the usual presumption that the letter was received three days after mailing.") (citation omitted).  Accordingly, there is a presumption that Krenzer received the Decision and Order on January 26, 2024, and that her deadline to pay the filing fee and submit a new complaint was thirty days thereafter, February 25, 2024.  Although, because February 25, 2024, was a Sunday, the deadline shifted to Monday, February 26, 2024.

However, Krenzer did not pay the filing fee by that date.  Instead, on February 22, 2024, Krenzer filed a new Financial Affidavit (ECF No. 11) ("I've amended the IFP paperwork for *de novo* review."), in which she generally asserts that in denying her initial motion for leave to proceed *in forma pauperis*, this Court was too picky when it reviewed her prior sworn *financial* affidavit, since it "focused on [her] *finances* instead of [defendants'] crimes." (emphasis added).  According to Plaintiff, the Court was motivated by a desire to "hinder justice and protect criminal cops."

3

Plaintiff maintains, meanwhile, that inaccuracies in her prior financial affidavit concerning the date of her last employment were mere "scrivener's errors." Plaintiff states, for instance, that although she previously wrote that she had last worked in 2021, she had meant to write that she had last worked in 2022. However, Plaintiff also now admits that she worked even *after* 2022, despite previously denying that she had done so in her original sworn financial affidavit.[2] For instance, whereas Krenzer previously swore that she stopped working in May 2021 and had no means of support thereafter besides Fisher's writing royalties, she now admits that in addition to working in 2022, she worked various "odd jobs" during 2023, including "cleaning houses, dog sitting, delivering groceries, fixing roofs, painting walls, planting trees, giving neighbors rides to doctors and court dates, and r[unning] errands for a disabled guy, etc." Krenzer insists, however, that such employment was "*not* employment, [but] was a bunch of gigs[3] for the community for enough cash to scrape by."

Krenzer's new financial affidavit also implies that the Court is obligated to appoint counsel for her, since it previously ruled that her domestic partner, Fisher, could not proceed *pro se* and also represent her, thereby depriving her of representation.

---

[2] The original form financial affidavit, executed on December 19, 2023, asked Krenzer to state her "last date of employment," and she wrote, "May 2021." The form further asked her whether she had "received **any money**" (emphasis in original) within the past twelve months from employment, including "self employment," and she checked "no." As confirmed by her subsequent admissions, both statements were objectively false.

[3] According to Krenzer, "This disconnected, dehumanizing Court doesn't' seem to understand the struggle of the poor in the gig economy."

Finally, Krenzer's new financial affidavit demands that the Court recuse itself from this action for various reasons, including that the undersigned is over 70 years of age[4] and, according to her, strongly biased in favor of the police.

In addition to her new financial affidavit, Krenzer also filed a proposed amended complaint that seeming attempts to comply with the Court's Order, in that it is limited to thirty numbered pages.  Although, Krenzer met that page limit only by intermittently utilizing long sections of singe-spaced text. *See*, paragraphs 36, 39, 45, 48, 54, 57, 62, 70, 75, 82, 83, 87,115, 119, 128 & 134.  The Court estimates that if the document were properly formatted and double-spaced,[5] it would be closer to forty pages in length.

## DISCUSSION

As a preliminary matter, the Court observes that since Krenzer is proceeding *pro se*, the Court is required to construe her submissions liberally to raise the strongest arguments that they suggest. *See, Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) ("It is well established that the submissions of a pro se litigant must be construed liberally and interpreted to raise

---

[4] Krenzer is under the mistaken impression that the undersigned is a subject to New York State laws that she maintains requires state-court judges to retire at age 77. ("Siragusa will be mandatorily retired before I even get to trial and this case will be necessarily transferred to another judge anyhow.").

[5] *See*, Rule 10(a), Local Rules of Civil Procedure ("Form Generally. All pleadings, motions, and other papers that a party presents for filing, whether in paper form or in electronic form, shall meet the following requirements: (1) all text and footnotes shall be in a font size of at least 12-point type; (2) *all text in the body of the document must be double-spaced, except that text in block quotations and footnotes may be single-spaced; (3) extensive footnotes and block quotes may not be used to circumvent page limitations;* (4) documents must have at least one-inch margins on all four sides; and (5) pages must be consecutively numbered.") (emphasis added).

the strongest arguments that they suggest.") (citations and internal quotation marks omitted).

Next, the Court finds that insofar as Krenzer is requesting that the Court recuse itself from this action, her application is denied, since she has not made any meritorious argument in support thereof.  For example, Krenzer's bald assertions, that the Court will be forced to retire before the completion of this action, and that it is biased in favor of the police, are simply untrue.  Additionally, to the extent Krenzer is requesting appointment of *pro bono* counsel, that application is also denied as lacking merit.

Plaintiff's attempt to revisit her entitlement to *in forma pauperis* status is also denied.  In that regard, Plaintiff seems to assume that the Court is obligated to conduct a "*de novo* review" of her new financial affidavit.  However, she is mistaken.

Moreover, even liberally construing Krenzer's new financial affidavit as a motion for reconsideration, the Court declines to grant such relief.  The amended financial affidavit demonstrates that Krenzer's original affidavit was quite inaccurate concerning her employment activities, which, along with her relativistic approach to defining basic terms such as "employment," causes the Court to doubt her credibility on this point generally.   Additionally, the Court continues to believe, for the reasons discussed in its prior Order, that Krenzer receives financial support from other sources.  Consequently, the Court finds that Krenzer has not shown she is "unable to pay" the filing fee within the meaning of the in forma pauperis

statute, 28 U.S.C. § 1915(a)(1).

On the other hand, it appears that Krenzer has made a significant attempt to comply with the portion of the Court's Order directing her to file a new pleading, even if the formatting of the pleading is not entirely consistent with the rules of procedure.

Accordingly, in the exercise of its discretion, and with due consideration for the fact that Krenzer is proceeding *pro se*, the Court will allow her an additional opportunity to pay the filing fee before dismissing the action.

## ORDER

It is hereby ORDERED that Plaintiff must pay the filing fee in this action on or before May 17, 2024.  If Plaintiff pays the filing fee by that date, the action may proceed, with the Amended Complaint (ECF No. 10) as the operative pleading.  In the event that Plaintiff fails to pay the filing fee as Ordered, the action will be dismissed without prejudice.

SO ORDERED.

Dated: Rochester, New York
       April 16, 2024                ENTER:

                                     *Charles J. Siragusa*
                                     CHARLES J. SIRAGUSA
                                     United States District Judge