UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

THERESA KRENZER,

      Plaintiff,

     v.                                                   24-CV-6007-MAV
                                                                     ORDER
KYLE WILKINS, *et al.*,

      Defendants.

_____

## INTRODUCTION

*Pro se* Plaintiff Theresa Krenzer filed this action seeking relief under 42 U.S.C. § 1983 arising from her arrest and prosecution on weapons charges related to a firearms business she owned with Keenan Fisher ("Fisher"), her boyfriend/partner. ECF No. 10.[1] Plaintiff has paid the filing fee. *See* January 16, 2025 docket entry.

This action is related to an earlier action, *Fisher v. ATF, et al.*, 22-CV-6440-CJS, commenced by Fisher. Fisher's complaint has since been dismissed with prejudice. 22-CV-6440, ECF No. 45.[2]

Shortly after this case was reassigned from District Judge Charles J. Siragusa to the undersigned, ECF No. 17, Plaintiff filed a series of motions, including an emergency motion to update the complaint with supplemental claims, ECF No. 20,

---

[1] The initial complaint was stricken. ECF No. 6 at 11.

[2] Unless otherwise indicated, all citations are to filings in this action, 24-CV-6007. Familiarity with the prior orders in this action is presumed.

motion for *in forma pauperis* status, ECF No. 23, and motion for miscellaneous relief. ECF No. 24.

For the reasons that follow, the motions are denied.

## DISCUSSION

**I.    Plaintiff's Motion for *In Forma Pauperis* Status**

This is Plaintiff's third attempt to obtain *in forma pauperis* status. ECF. No. 23. Plaintiff's previous motion to proceed *in forma pauperis*, ECF No. 2, was denied, ECF No. 6, and her motion for reconsideration of that determination, ECF No 11, was also denied, ECF No. 12.

Addressing the initial motion for *in forma pauperis* status, the Court noted that Plaintiff's "financial affidavit [was] internally inconsistent" and inconsistent "with various filings by Fisher in his action[.]" ECF No. 6 at 4, 5. Ultimately, the Court "decline[d] to waive the filing fee for [Plaintiff], since it d[id] not credit the allegations in her financial affidavit." *Id.* at 6.

The motion for reconsideration, which was based on Plaintiff's amended financial affidavit, ECF No. 11, suffered from similar infirmities:

> The amended financial affidavit demonstrates that [Plaintiff's] original affidavit was quite inaccurate concerning her employment activities, which, along with her relativistic approach to defining basic terms such as "employment," causes the Court to doubt her credibility on this point generally. Additionally, the Court continues to believe, for the reasons discussed in its prior Order, that [Plaintiff] receives financial support from other sources. Consequently, the Court finds that [Plaintiff] has not shown she is "unable to pay" the filing fee within the meaning of the in forma pauperis statute, 28 U.S.C. § 1915(a)(1).

ECF No. 12 at 6–7. The Court ordered Plaintiff to pay the filing fee or have the action dismissed. *Id.* at 4. On January 16, 2025, Plaintiff paid the filing fee. *See* January 16, 2025 docket entry.

Plaintiff's current motion to proceed *in forma pauperis* does not resolve the earlier credibility questions, which continue to taint Plaintiff's representations in the current motion. In fact, the submission only raises additional credibility questions. In particular, in Plaintiff's May 29, 2025 motion to proceed *in forma pauperis*, she answered "No" to the question as to whether she had received any money from a business within the previous 12 months, ECF No. 23 at ¶ 2(a), but in her January 15, 2025 Affidavit, she stated that on October 31, 2024, she sold her share of the "business back to Fisher," ECF No. 15 at ¶ 8. The motion does not account for earnings from the business from May to October 2024 or for the proceeds from the sale of the business, which appears to still be in operation. *See* ECF No. 24 at 3 (requesting to receive mail at the address of the "the family business").

Because of these credibility questions, including those previously addressed by the Court, Plaintiff has not shown she is unable to pay the costs of this litigation.[3] The motion to proceed *in forma pauperis* is therefore denied.[4]

---

[3] Some courts have also recognized that the payment of the filing fee moots a motion to proceed *in forma pauperis*. *See Harkins v. Citizens Bank*, 744 F. Supp. 3d 268, 271 (W.D.N.Y. 2024); *Feeney v. Victoria's Secret Stores LLC*, No. 21-CV-1950(JS)(AYS), 2021 WL 2291017, at *1 (E.D.N.Y. May 19, 2021). *But see Mills v. Fischer*, No. 09-CV-0966A, 2010 WL 364457, at *1 (W.D.N.Y. Feb. 1, 2010) (concluding that the payment of the filing fee did not moot the motion to proceed *in forma pauperis* "inasmuch as [plaintiff] may be entitled to other 'benefits' of proceeding *in forma pauperis*, including service of process . . . ." (citing 28 U.S.C. § 1915(d)–(e))).

[4] Because Plaintiff "is neither proceeding *in forma pauperis* nor a prisoner, the Court may not screen h[er] claims under 28 U.S.C. §§ 1915(e)(2)(B) or 1915A" *Victorio v. DHS/ICE*, No. 6:24-CV-06540

## II.  Emergency Motion to Update Complaint with Supplemental Claims

This motion, which was also filed in 22-CV-6440, ECF No. 34, seeks the following relief.

### A.  Supplementation

Plaintiff seeks to supplement the amended complaint "with newly matured claims, and to add relevant counts substantiated by post-filing conduct[.]" ECF No. 20 at 1. The "New Material Facts" identified in the motion relate to an additional prosecution instituted against Fisher in December 2024. *Id.* at 2-3. Because these allegations appear to have no nexus to Plaintiff, this portion of the motion is denied. Moreover, Plaintiff has since filed a second amended complaint, ECF No. 22, which, as discussed below, is now the operative pleading.

### B.  Reassignment

Plaintiff seeks to "[r]eassign all non serv[ed] claims in 22-[CV]-6440 to the [undersigned]," and that action be joined with this action "for [a] hearing[.]" ECF No.

---

EAW, 2025 WL 1235373, at *1 (W.D.N.Y. Apr. 29, 2025) (internal ellipses and brackets omitted) (quoting *Mills*, 2010 WL 364457, at *3 n.2). A district court, however, retains authority to "*sua sponte* dismiss a *pro se* plaintiff's complaint based on frivolousness," *Id.* (quoting *LaSpisa v. CitiFinancial Co.*, No. 19-CV-0228 (GTS/DJS), 2020 WL 2079410, at *3 (N.D.N.Y. Apr. 30, 2020)), or "for lack of subject matter jurisdiction," *id.* (citing Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.")).

"[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). As discussed below, the second amended complaint, ECF No. 22, is now the operative pleading. While portions of the second amended complaint may fail to state a claim, the allegations fall short of what the Court can characterize as frivolous. Nor is there a basis to conclude that subject matter jurisdiction is lacking at this stage. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006) ("A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim 'arising under' the Constitution or laws of the United States.").

4

20 at 5. Because the complaint in 22-CV-6440 was dismissed with prejudice, 22-CV-6440, ECF No. 45, nothing remains from that action to transfer. This portion of the motion is therefore denied.

Plaintiff also seeks to "[r]ecognize the continuing abuse and damage caused by Defendants' refusal to follow 2/17/23 sealing orders . . . ."; "[r]ecognize [the recent] malicious prosecution . . . as a linked continuation of the previous malicious prosecution . . . [and] allow[ ] 22-[CV]-6440 to add [a] second [m]alicious [p]rosecution count . . . ."; and "[g]rant . . . consolidation of discovery, expanded protective orders, and an emergency evidentiary hearing to prevent future retaliation." ECF No. 20 at 5. To the extent this relief is related to the joinder of the two actions or seeks relief unique to 22-CV-6440, it is likewise denied.

## III.    Motion for Miscellaneous Relief

### A.    Leave to File a Second Amended Complaint

Fed. R. Civ. P. ("Rule") 15 permits one amendment of the complaint as of right, which Plaintiff has availed herself of. Fed. R. Civ. P. 15(a)(1). For subsequent amendments, courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. 15(a)(2).

Given the lack of prejudice to the yet-to-be-served Defendants and the fact that the second amended complaint appears to account for more recent events, Plaintiff is granted leave to file the second amended complaint, which was filed simultaneously with the motion. ECF No. 22. Permitting amendment at this stage, however, does not prevent any Defendant from seeking dismissal pursuant to Rule 12(b).

**B.    Early Discovery to Determine the Identity of the John Doe Defendants**

Rule 26(d)(1) generally prohibits a party from seeking discovery prior to a Rule 26(f) conference. But the rule creates an exception for early discovery where authorized by court order. Fed. R. Civ. P. 26(d)(1). Courts in the Second Circuit apply a "flexible standard of reasonableness and good cause" when considering motions for expedited discovery. *Strike 3 Holdings, LLC v. Doe*, No. 20 Civ. 4501 (WFK) (VMS), 2021 WL 535218, at *1 (E.D.N.Y. Feb. 12, 2021) (citing cases).

> This inquiry is guided by a variety of factors, including:
>
> the relative prejudices that will be suffered by the parties, the plaintiff's ability to make out a prima facie claim, the specificity of the discovery request, the availability of alternative means to obtain the information, the necessity of the information for the plaintiff's claim, the defendant's expectation of privacy, the proportionality of the request, the timing of the motion, and the diligence of the requesting party[.]

*Reinhardt v. City of Buffalo*, No. 1:21-CV-206, 2021 WL 3174018, at *2 (W.D.N.Y. June 7, 2021) (internal citations omitted).

The Court understands Plaintiff's concern with the time limitation Rule 4(m) imposes to complete service. *See Cole v. John Wiley & Sons, Inc.*, No. 11-CV-2090, 2012 WL 3133520, at *17 (S.D.N.Y. Aug. 1, 2012) (Rule 4(m)'s time-limit applies to "John Doe" defendants). Yet, without some explanation of the specific discovery sought and the particular John Doe Defendants she seeks to identify, this request is denied without prejudice.

6

### C.    Request for Service by the United States Marshal

Plaintiff seeks service by the United States Marshal under Fed. R. Civ. P. 4(c)(3). ECF No. 24 at 3. That request is granted. The current fee for service by mail is $8.00 per Defendant.[5] The United States Marshal accepts payment by money order or certified check only. Payment shall be accompanied by all necessary papers, including the second amended complaint, United States Marshal forms, and summonses.[6]

### D.    Extension of the Deadline for Service

Although Plaintiff does not expressly seek an extension of time to serve Defendants, the Court interprets her references to Rule 4(m) as seeking that relief. ECF No. 24 at ¶¶ 3, 6. Rule 4(m) generally requires that the summons and complaint be served within 90 days of the date the complaint is filed. Consistent with that requirement, the Court directed Plaintiff on April 11, 2025, to serve the amended complaint within 90 days. ECF No. 18 at 2. That did not occur.

---

[5] If the initial service is unsuccessful and Plaintiff continues to rely on the United States Marshal for service, she must pay the United States Marshal any additional fee for subsequent service attempts under the fee schedule set by the United States Marshal. *See Porter v. Sauve*, No. 9:15-CV-1106(GLS)(TWD), 2016 WL 11807251, at *1 n.3 (N.D.N.Y. Feb. 18, 2016).

[6] Plaintiff must complete and submit a summons for each Defendant she seeks to serve. In completing this form, Plaintiff must: (1) fill out the case caption; (2) provide the name and address where the Defendant is to be served with the second amended complaint; and (3) provide her name and email address. *See* ECF No. 25 (sealing Plaintiff's address "from view by the public and Defendants[,]" subject to reassessing should the need arise).

Once those portions of the summonses are completed, they should be submitted to the Clerk of Court. If the summons is properly completed, the Clerk of Court will sign, seal, and issue the summons for service.

Because of Plaintiff's subsequent motion to proceed *in forma pauperis,* the fact that summonses have not been issued, and that Plaintiff has now filed a second amended complaint, the Court extends Plaintiff's deadline to serve the second amended complaint and summonses until 90 days after the date the summonses are issued. *See Panuccio v. Weichert Workforce Mobility, Inc.*, No. 23-CV-01366 (PMH), 2023 WL 3166397, at *1 (S.D.N.Y. Apr. 28, 2023) (explaining that "[a]lthough Rule 4(m) . . . generally requires that a summons be served within 90 days of the date the complaint is filed," the court would extend "the time to serve until 90 days after the date the summons is issued").

It remains Plaintiff's obligation to be aware of the deadlines for service. If the United States Marshal is unable to complete service by the 90-day deadline, Plaintiff must file a motion with the Court asking for additional time to serve.

E.    **Seal Address**

The motion requests permission to seal Plaintiff's physical address. ECF No. 24 at ¶¶ 8, 9.[7] Because the Court previously granted a separate request by Plaintiff to seal her address, ECF No. 25, this request is denied as moot.

---

[7] To allow for the exchange of filings without the need for physical mailings, Plaintiff may consider seeking permission to obtain electronic filing privileges. The instructions are available on the Court's website (https://www.nywd.uscourts.gov/pro-se-forms).

## CONCLUSION

For the reasons above, Plaintiff's emergency motion to update the complaint with supplemental claims, ECF No. 20, motion for *in forma pauperis* status, ECF No. 23, and motion for miscellaneous relief, ECF No. 24, are each denied.

Plaintiff's deadline to serve the second amended complaint and summons is extended to 90 days after the summonses are issued. It remains Plaintiff's obligation to timely effectuate service.

## ORDER

IT HEREBY IS ORDERED that Plaintiff's emergency motion to update the complaint with supplemental claims, ECF No. 20, motion for *in forma pauperis* status, ECF No. 23, and motion for miscellaneous relief, ECF No. 24, are DENIED; and it is further

ORDERED that the Clerk of Court shall send Plaintiff 25 blank summonses and United States Marshals Process Receipt and Return forms,[8] as well as the Notice Regarding Service of Summons and Complaint (without the attached Request for United States Marshal Service); and it is further

ORDERED that Plaintiff's deadline to serve Defendants is extended until 90 days after the summonses are issued; and it is further

ORDERED that pursuant to Western District of New York Local Rule of Civil Procedure 5.2(d), Plaintiff must immediately notify the Court in writing each time

---

[8] Plaintiff can access these forms on the Court's website (https://www.nywd.uscourts.gov/pro-se-forms).

9

her address changes. Failure to do so may result in dismissal of the action with prejudice.

SO ORDERED.

Dated:       June _8_, 2026
               Rochester, New York

                                    HON. MEREDITH A. VACCA
                                    United States District Judge

10